UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REMBRANDT DATA STORAGE, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 10-CV-694 |
| | ) |
| WESTERN DIGITAL CORPORATION, | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Rembrandt Data Storage, LP, by its undersigned counsel, alleges the following claims against Defendant Western Digital Corporation ("Western Digital" or "Defendant"):

## THE PARTIES

1. Plaintiff Rembrandt Data Storage, LP is a Virginia limited partnership with its principal place of business at 1655 North Fort Myer Drive, Suite 1700, Arlington, VA 22209.

2. On information and belief, Defendant is a Delaware corporation, with its principal place of business located at 20511 Lake Forest Drive, Lake Forest, CA 92630.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant, because Defendant engages in continuous and systematic business within this district, and has placed infringing products into the stream of commerce by selling and/or offering to sell products in this judicial district with knowledge that such products would be shipped into this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Defendant is subject to personal jurisdiction, does business, and has committed acts of infringement in this district.

## COUNT I
### Patent Infringement of U.S. Patent No. 5,995,342 C1

6. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-5 as though fully set forth herein.

7. Plaintiff Rembrandt Data Storage, LP is the owner by assignment of U.S. Patent No. 5,995,342, entitled "Thin Film Heads Having Solenoid Coils," which was duly and lawfully issued by the United States Patent and Trademark Office on November 30, 1999, and for which Ex Parte Reexamination Certificate No. 5,995,342 C1 was duly and lawfully issued by the United States Patent and Trademark Office on December 15, 2009 ("the '342 patent"). A true and correct copy of the '342 patent is attached as Exhibit A and made a part hereof.

8. Defendant has at no time been licensed under the '342 patent.

9. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '342 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the United States, without license or authority, products that embody one or more claims of the '342 patent, including without limitation Defendant's My Book, Elements, ShareSpace, My Passport, RE3, Caviar, Scorpio and AV disk drives and any other products using similar technology.

10. On information and belief, Defendant's infringement of the '342 patent has been and will continue to be willful and intentional.

11. As a direct and proximate result of Defendant's infringement of the '342 patent, Plaintiff has been and will continue to be irreparably damaged and deprived of its rights in the '342 patent in amounts not yet determined, and for which Plaintiff is entitled to relief.

## COUNT II
### Patent Infringement of U.S. Patent No. 6,195,232

12. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-11 as though fully set forth herein.

13. Plaintiff Rembrandt Data Storage, LP is the owner by assignment of U.S. Patent No. 6,195,232, entitled "Low-Noise Toroidal Thin Film Head With Solenoidal Coil," which was duly and lawfully issued by the United States Patent and Trademark Office on February 27, 2001 ("the '232 patent"). A true and correct copy of the '232 patent is attached as Exhibit B and made a part hereof.

14. Defendant has at no time been licensed under the '232 patent.

15. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '232 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the United States, without license or authority, products that embody one or more claims of the '232 patent, including without limitation Defendant's My Book, Elements, ShareSpace, My Passport, RE3, Caviar, Scorpio and AV disk drives and any other products using similar technology.

16. On information and belief, Defendant's infringement of the '232 patent has been and will continue to be willful and intentional.

17. As a direct and proximate result of Defendant's infringement of the '232 patent, Plaintiffs has been and will continue to be irreparably damaged and deprived of its rights in the '232 patent in amounts not yet determined, and for which Plaintiff is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment that:

A. Defendant has infringed the '342 and '232 patents;

B. Defendant's infringement of the '342 and '232 patents is willful;

C. Defendant, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, be permanently enjoined from infringement of the '342 and '232 patents under 35 U.S.C. § 283;

D. Plaintiff be awarded all damages adequate to compensate Plaintiff for Defendant's infringement of the '342 and '232 patents, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiff, with pre-judgment and post-judgment interest as allowed by law;

E. This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiff be awarded attorneys' fees, expert witness fees, costs, and all expenses incurred in this action, with interest;

F. Plaintiff be awarded all actual and compensatory damages;

G. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

- 5 -

Dated:  November 10, 2010  PERKINS COIE LLP

By   /s/ Michelle M. Umberger
John S. Skilton
JSkilton@perkinscoie.com
Michelle M. Umberger
MUmberger@perkinscoie.com
Christopher G. Hanewicz
CHanewicz@perkinscoie.com
David L. Anstaett
DAnstaett@perkinscoie.com
Gabrielle E. Bina
GBina@perkinscoie.com
Jeffrey S. Walker
JWalker@perkinscoie.com
1 East Main Street, Suite 201
Madison, WI  53703
(608) 663-7460 (Phone)
(608) 663-7499 (Facsimile)

*Attorneys for Plaintiff,*
*Rembrandt Data Storage, LP*